# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED WESTLABS, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>SEACOAST LABORATORY DATA SYSTEMS, INC.<br><br>Defendants. | Case No.: CV08-08649-CJC(RNBx)<br><br>**AMENDED PRELIMINARY INJUNCTION** |

Pending the entry of judgment at trial in this matter, the Court orders as follows:

1. Seacoast Laboratory Data Systems, Inc., its agents, employees, servants, assigns, and all those acting in concert with it, ARE HEREBY RESTRAINED AND ENJOINED from:

> (A) Causing the transmission of a program, code, or command which as a result causes any damage to the computers or computer network of Plaintiff United Westlabs, Inc. ("UWL"); or
>
> (B) Disabling, disturbing, interrupting or terminating UWL's use of the Seacoast Laboratory AR ("SLAR") system in any way or manner.

2. Until the commencement of trial, Seacoast, through one of its employees, can appear no more than once during each calendar quarter at the Santa Ana office of UWL to access the SLAR system at UWL for the sole purpose of checking on UWL's compliance with its license. The inspection will be conducted upon five (5) business-days notice by Seacoast to UWL and will be conducted during regular business hours, between 8 a.m. to 5 p.m. PST. The inspection will be conducted in the presence of counsels for the parties. Each of the parties, however, may waive this condition for any inspection. As part of its inspection, Seacoast:

> (A) may load and run a diagnostic test routine on the system for the sole purpose of detecting possible violations of the license, including but not limited to access by unauthorized users, loading and running of unauthorized programs on the system, and unauthorized modifications of code. Seacoast shall have access to all components of the system—software and hardware—and to both the primary and shadow servers;

  (B) may capture and record any possible violations of the license it detects during its inspection and shall provide UWL a copy of any such captured information within one week of the inspection; but

  (C) shall not use any program it loads and runs during its inspection of the system to permanently install any programs or routines, or to modify or to embed any code in the system.

  3. Either UWL or Seacoast may record by videotape Seacoast's inspection of the system. The record or videotape will be held in escrow by counsel for the party who requests it, shall not be shown to the parties or to third parties without leave of Court, and shall be disclosed to the Court only in the event a dispute arises concerning the inspection. At the conclusion of this action through appeal, counsel shall destroy any such videotape or record in its possession and shall notify opposing counsel in writing that it has done so. UWL shall not otherwise make any record or notes of the Seacoast's programmer's keystrokes, and no programs that would mirror the Seacoast programmer's navigation of the system or that would record his or her keystrokes shall be used.

  4. Because Seacoast's did not have the opportunity to inspect the SLAR system in the first quarter of 2009, Seacoast shall have the right to do two inspections during the second quarter of 2009, provided that the two inspections are at least 30 days apart.

  5. Until the entry of judgment at trial, both Seacoast and UWL will comply with the confidentiality provisions set forth in Sections 9 and 10 of the October 10, 2005 Agreement.

  6. The undertaking previously ordered by the Court and posted by UWL

1  shall remain in place.

3  IT IS SO ORDERED.

6  DATED: April 23, 2009

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE