1   **GREENBERG TRAURIG, LLP**
2   Ian C. Ballon (SBN 141819)
        ballon@gtlaw.com
3   Valerie W. Ho (SBN 200505)
        hov@gtlaw.com
4   Wendy M. Mantell (SBN 225544)
        mantellw@gtlaw.com
5   2450 Colorado Avenue, Suite 400 East
    Santa Monica, California 90404
6   Telephone: (310) 586-7700
7   Facsimile: (310) 586-7800

8   *Attorneys for Plaintiff and Counterdefendants*
    *United Westlabs, Inc., Harry Kanter,*
9   *Robert Larson, Robert Negosian,*
    *NCX Group, Michael Fitzpatrick,*
10  *Steve Drohan, Bill Stevenson,*
    *Alan McLellan, Brendan Cosgrove,*
11  *David Socash, Scott Margolis*
    *and Margolis Consulting Group LLC*
12

13  Gary J. Gorham (SBN 171061)
        ggorham@lglaw.la
14  Eric Ashton Puritsky (SBN 239577)
        epuritsky@lglaw.la
15  **LEADER GORHAM LLP**
    1990 South Bundy Drive, Suite 390
16  Los Angeles, California  90025
    Telephone:  (310) 696-3300
17  Facsimile:  (310) 696-3305

18  Steven Wade Turnbull, Esq. (SBN 144277)
        wade@turnbull-law.com
19  **TURNBULL LAW, P.C.**
    270 West 19th Street, Suite 4B
20  New York, New York 10011
    Telephone:  (917) 208-3212
21  Facsimile:   (646) 454-1215

22  *Attorneys for Defendant and Counter-Claimant*
    *Seacoast Laboratory Data Systems, Inc.*
23  *and Defendant John Herring*

24
25          **UNITED STATES DISTRICT COURT**

26      **CENTRAL DISTRICT OF CALIFORNIA -SOUTHERN DIVISION**

27
28

1

**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER**
Case No.  CV 08-08649 CJC (RNBx)

UNITED WESTLABS, INC.,

Plaintiff,

vs.

SEACOAST LABORATORY DATA SYSTEMS, INC. and JOHN HERRING,

Defendant.

AND RELATED COUNTER-CLAIM.

Case No. CV 08-08649 CJC (RNBx)

**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

WHEREAS, during the discovery proceedings in this Action, defendant and counter-claimant Seacoast Laboratory Data Systems, Inc. ("Seacoast") and defendant John Herring and Plaintiff and counter-defendant, United WestLabs, Inc. ("UWL") and Counter-Defendants Harry Kanter, Robert Negosian, Robert Larson, NCX Group, Steve Drohan, Scott Margolis, Margolis Consulting Group, LLC, Michael Fitzpatrick, Bill Stevenson, Alan McLellan, Brendan Cosgrove and David Socash, collectively (the "Parties") may be requested to provide certain documents, things, responses to requests for admission, responses to interrogatories, and/or testimony that each of them contends may contain trade secrets or other confidential, commercial, financial and/or proprietary information.

WHEREAS, the parties are desirous of protecting such information from inappropriate disclosure;

IT IS HEREBY STIPULATED by and between the Parties, through their respective attorneys of record, that, subject to the approval of the Court, a protective order may be entered in the above-captioned proceeding that shall govern the handling of all information contained in documents, deposition testimony, depositions, exhibits, and any other written, recorded or graphic material, hereinafter referred to as "Discovery Material" produced by any party, or obtained by any party hereto from a non-party witness in connection with this Action, whether or not in response to a

formal discovery request. The provisions of this Confidentiality Stipulation and Protective Order ("Protective Order") shall also apply to any non-party who provides Discovery Material and agrees in writing to be bound to the terms of this Protective Order.  References to a "party" or "parties" herein shall also include such non-parties.

1.     This Protective Order governs the designation, disclosure and use of confidential and highly confidential information in the above-identified action and any appeals or retrials through final judgment. This Protective Order shall govern until modified or superseded by a further order of this Court.

2.     In this Protective Order, the terms "CONFIDENTIAL INFORMATION," "HIGHLY CONFIDENTIAL INFORMATION – LNS," "HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE" and "HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY" shall mean information so designated in compliance with this Protective Order.  Information so designated may be (without limitation) all or part of a document or thing, testimony, interrogatory, answer, admission or other form of evidence or discovery.

3.     Any person, including non-parties, producing documents, information, or other materials in this Action ("Producing Party") may designate as CONFIDENTIAL INFORMATION any information, thing, testimony, answers, documents, or other Discovery Material of a confidential, sensitive nature that (a) the producing party and its counsel (if the party is represented by counsel) reasonably and in good faith believe is in fact confidential; or (b) has only been disclosed pursuant to a protective order or non-disclosure agreement.

4.     The Producing Party shall designate as HIGHLY CONFIDENTIAL INFORMATION – LNS any computer source code or constituent components of Seacoast's SurroundLab AR$^{TM}$ proprietary software ("Source Code") that such party and its counsel (if the party is represented by counsel) allege was misappropriated by Counter-Defendants.

5.     The Producing Party shall designate as HIGHLY CONFIDENTIAL

<hr>

3

INFORMATION — SOURCE CODE any Source Code, not alleged to have been misappropriated.

6.      Any Producing Party may designate any confidential information as HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY any information that such party and its counsel (if the party is represented by counsel) believe in good faith is of a particularly sensitive nature of the type that could be readily exploited for commercial advantage by a competitor including, without limitation, (i) proprietary trade secrets or competitively sensitive data, (ii) customer lists, (iii) customer information, (iv) business, product or marketing plans, (v) cost data, (vi) pricing information, (vii) internal training materials, (vii) market studies or forecasts, (ix) nonpublic financial data, (x) information concerning development activities for products, (xi) non-public technical information for products, (xii) information protected by statute or privacy laws and (xiii) research or development or other activities or other non-public information concerning or relating to current or future products.

7.      A Producing Party may designate Discovery Material as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – LNS, HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY at the time it produces the material.  In the case of deposition testimony, the testimony or any portion thereof may be so designated at the deposition or within fifteen (15) days after preparation of the transcript of the deposition and transmission of the transcript to designating counsel by the deposition reporter.

8.      CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – LNS, HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE and HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY shall be designated during discovery by the following procedure:

(a)     When a document to be produced for inspection contains CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – LNS, HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY, the Producing Party shall so notify the inspecting party by designating the document as described in paragraph 8.  A document produced for inspection for which such notice has been given shall be inspected only by persons authorized to receive such information as provided herein.

(b)     The Producing Party shall designate documents as containing CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – LNS, HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY by marking, according to the provisions of paragraph 8, each page of the copy that is or contains such information.  If any page of a multi-page document is designated, the Producing Party shall also indicate on the first page of the document that it contains CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – LNS, HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY.

(c)     In the case of information produced in electronic media, such as CDs or DVDs, the designation shall be made by placing the Legend on the exterior of the CD, DVD or other media. When information is printed out from such media, the Receiving Party shall ensure that each page of all copies of the printed-out materials contains the appropriate designation.

(d)     When deposition testimony is or contains CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY, any attorney of record present may so designate that by notifying others present on the record of the deposition.  The deposition reporter shall then so mark each page of the

5

transcript that reports designated testimony.  Alternatively, any party may, until and including fifteen (15) days after transmission of a copy of said deposition transcript by the deposition reporter, designate by page and line or exhibit description those portions of the transcript or exhibits which contain CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – LNS, HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY.  All transcripts and exhibits from depositions taken in this Action shall be deemed to contain HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY until and including fifteen (15) days transmission of said deposition transcript to all counsel of record for the parties by the deposition reporter.

(e)     When responses to interrogatories or requests to admit contain CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – LNS, HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY, the responding party shall so mark the cover page and each succeeding page of its response that contain such information pursuant to paragraph 8.

9.     CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – LNS, HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY shall be marked pursuant to paragraph 7 of this Protective Order by the placement of an appropriate stamp, sticker or other indicia of substantially the following form:

CONFIDENTIAL INFORMATION;

HIGHLY CONFIDENTIAL INFORMATION – LNS;

HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE; or

HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY.

6

10.    (a)    Any CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – LNS, HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY, or any document incorporating such information, that is filed or lodged with the Court shall be filed or lodged with the Court in accordance with the procedures to file or lodge documents under seal, as set forth in the Local Rules of this Court.

(b)    A copy of all material filed or lodged with the Court under seal, redacted to remove all confidential information, shall be placed in the public court file. Any interested member of the public (i.e., non-parties or employees or affiliates of a party) may challenge the filing under seal and, in the event of such a challenge, the party asserting confidentiality shall have the burden of persuasion.

(c)    For any papers to be filed with the Court pursuant to Paragraph 9(a), the Receiving Party shall file an application to file the papers or the portion thereof containing the CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTAIL INFORMATION – LNS, HIGHLY CONFIDENTIAL – SOURCE CODE or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY (if such portion is segregable) under seal; and that application shall be directed to the judge to whom the papers are directed.  All parties shall cooperate in good faith to seek an expedited ruling on the application.

11.    CONFIDENTIAL INFORMATION may be disclosed only to persons in the following categories who have the actual need to review CONFIDENTIAL INFORMATION:

(a)    outside attorneys and their working staff handling this matter for a law firm with an appearance for a party in this Action;

(b)    the parties, employees or consultants of a party to this Action, provided that, before any CONFIDENTIAL INFORMATION is disclosed to any such individual, counsel desiring to disclose CONFIDENTIAL INFORMATION to such

individual shall first obtain from such individual a signed Undertaking in the form of Exhibit A hereto.  Counsel shall maintain the original signed Undertakings in accordance with paragraph 23, and deliver them to the Court for *in camera* inspection as may be directed by the Court;

(c)     outside experts or consultants (*i.e.*, not a party or its current employees or affiliates) and their support staff, retained by counsel of record in this Action, but only to the extent reasonably deemed necessary by such counsel of record, provided that, before any CONFIDENTIAL INFORMATION is disclosed to any such outside expert, advisor or consultant or their support staff, counsel desiring to disclose CONFIDENTIAL INFORMATION to such outside expert, advisor or consultant or their working staff shall first obtain from such individual a signed Undertaking in the form of Exhibit A hereto.  Counsel shall maintain the original signed Undertakings in accordance with paragraph 23, deliver them to the Court for *in camera* inspection as may be directed by the Court, and deliver them to counsel for Producing Party upon entry of final judgment or dismissal in this Action;

(d)     the Court and court reporters/videographers retained to record and/or transcribe testimony in this Action;

(e)     any representative of the party that produced the CONFIDENTIAL INFORMATION to the extent the representative has authority to access such information;

(f)     personnel of outside photocopy firms or graphics firms (*i.e.*, not parties or current employees or affiliates of a Party) engaged by a party;

(g)     a former employee or former consultant of the party that produced the CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – LNS, HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY who authored, received or was shown the information during his or her employment by the Producing Party.  This paragraph will not prevent the disclosure, during a deposition, of a

8

document containing CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – LNS, HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY to a deponent who was an employee of the Producing Party when that document was created. Such deponent may be shown such document during the course of his or her deposition for the limited purpose of determining whether that document was authored, received by or shown to that deponent during his or her employment by the party.  If the former employee authored, received or was shown the document during his or her employment by the Producing Party during this transactions at issue in this litigation, he or she may be subject to further examination regarding that document; and/or

(h)      any third party who authored, received or was shown to documents marked by a Producing Party as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – LNS, HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY in the course of his or her activities relating to the transactions at issue in this litigation.  This paragraph will not prevent the disclosure, during a deposition, of a document containing CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – LNS, HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY to a deponent who authored, received or was shown the document in the course of his or her activities relating to the transactions at issue in this litigation when that document was created.  Such deponent may be shown such document during the course of his or her deposition for the limited purpose of determining whether that document was authored, received by or shown to that deponent in the course of that deponent's activities relating to the transactions at issue in this litigation. If the third party authored, received or was shown the document in the

9

course of that deponent's activities relating to the transactions at issue in this litigation, he or she may be subject to further examination regarding that document.

12. HIGHLY CONFIDENTIAL INFORMATION – LNS may be shown to the persons identified in paragraph 11, except for those individuals identified in paragraph 11(b). Notwithstanding the foregoing and those individuals identified in paragraph 11(b), HIGHLY CONFIDENTIAL INFORMATION – LNS maybe shown to Counter-Defendants Robert Negosian, Robert Larson and David Socash.

13. HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE and HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY may be disclosed only to the persons identified above in paragraph 11, except for those individuals identified in paragraph 11(b).

14. The following protocol and restrictions shall apply to production of HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE in a format that is accessible and searchable on a computer system:

(a) Seacoast shall provide access to HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE in a format that is accessible and searchable on a computer system by providing one (1) "stand-alone" computer, which shall not be linked to any network, including without limitation any local area network ("LAN"), intranet or the Internet, to be located in a separate and secure room with a suitable lock at the point of entry to that room (such as a door lock) at the offices of Greenberg Traurig;

(b) The stand-alone computer referenced in paragraph 14(a) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to subparagraphs 14(i) and 14(l) below;

(c) Counsel for the Counter-Defendants shall be responsible for maintaining the security of the separate and secure room for the "stand-alone"

10

computer referenced in paragraph 14(a) and shall restrict access to that "stand-alone" computer to the persons identified in paragraphs 11(a) and 11(c);

(d)   Seacoast shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer referenced in paragraph 14(a) in order to access and search the HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE on that computer;

(e)   The Receiving Party may include excerpts of HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE in a pleading, exhibit, expert report, discovery documents, deposition transcript, or other court document ("Source Code Documents"), provided the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, are filed or lodged with the Court, and filed or lodged under seal in accordance with this Order;

(f)   To the extent portions of the HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE  are quoted in a Source Code Document, either (i) the entire Source Code Documents will be stamped and treated as HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE or (ii) those pages containing quoted HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE  will be separately stamped and treated as HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE;

(g)   Except as set forth in subparagraphs 14(i) and 14(k) below, no electronic copies of HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE shall be made without prior written consent of Seacoast, except as necessary to create documents which, pursuant to the Court's rules, procedures or order, must be filed, lodged or served electronically;

LA 128707115v3

(h)     The Receiving Party shall be permitted to make a reasonable number of printouts and photocopies of HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE, all of which shall be appropriately designated and clearly labeled either HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE, and the Receiving Party shall maintain a log of all such files that are printed or photocopied;

(i)     Should such printouts or photocopies be transferred back to electronic media, such media shall be appropriately labeled HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE, and shall continue to be treated as such;

(j)     If any Party or Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE, the Receiving Party shall ensure that such Party, outside counsel, consultants, or experts keep the printouts or photocopies in a secure, locked area in the offices of such outside counsel, Party, consultants, or expert.  The Receiving Party may also temporarily keep the printouts or photocopies at:  (i) the Court for any proceeding(s) related to the HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a court proceeding or deposition); and

(k)     HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE may only be transported by persons identified in paragraphs 11(a) and 11(c) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other

**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER**
Case No.  CV 08-08649 CJC (RNBx)

1   similarly reliable courier.  HIGHLY CONFIDENTIAL INFORMATION

2   – SOURCE CODE may not be transported or transmitted electronically

3   over a network of any kind, including a LAN, an intranet, or the Internet.

4   HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE

5   transferred back to electronic media under paragraph 14(i) may only be

6   transported electronically for the purpose of court proceeding(s) or

7   deposition(s) as set forth in paragraph 14(j) above and is at all times

8   subject to the transportation restrictions set forth herein.

9   15.   (a)   The substance or content of any CONFIDENTIAL

10   INFORMATION, as well as any notes, abstracts, copies, summaries and memoranda

11   relating thereto shall not be disclosed to or accessible by anyone other than a person

12   qualified to obtain CONFIDENTIAL INFORMATION pursuant to this Protective

13   Order, and any such notes, abstracts, copies, summaries and memoranda shall be

14   treated as CONFIDENTIAL INFORMATION in all respects.

15   (b)   The substance or content of any HIGHLY CONFIDENTIAL

16   INFORMATION – LNS or HIGHLY CONFIDENTIAL INFORMATION – SOURCE

17   CODE as well as any notes, abstracts, copies, summaries and memoranda relating

18   thereto shall not be disclosed to or accessible by anyone other than a person qualified

19   to obtain such pursuant to this Protective Order, and any such notes, abstracts, copies,

20   summaries and memoranda shall be treated as HIGHLY CONFIDENTIAL

21   INFORMATION – LNS or HIGHLY CONFIDENTIAL INFORMATION – SOURCE

22   CODE in all respects.

23   (c)   The substance or content of any HIGHLY CONFIDENTIAL

24   INFORMATION —ATTORNEYS' EYES ONLY, as well as any notes, abstracts,

25   copies, summaries and memoranda relating thereto shall not be disclosed to or

26   accessible by anyone other than a person qualified to obtain HIGHLY

27   CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY pursuant to this

28   Protective Order, and any such notes, abstracts, copies, summaries and memoranda

1  shall be treated as HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS'

2  EYES ONLY in all respects.

3       (d)    Notwithstanding the restrictions of this paragraph, an attorney qualified to

4  receive CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL

5  INFORMATION – LNS, HIGHLY CONFIDENTIAL INFORMATION – SOURCE

6  CODE or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES

7  ONLY under this Protective Order shall not be precluded (except as set forth in

8  paragraphs 11, 12 and 14) from rendering legal advice to or discussing with his or her

9  client in this litigation the merits of any issue in this litigation, as long as the specific

10  substance or content of CONFIDENTIAL INFORMATION, HIGHLY

11  CONFIDENTIAL INFORMATION – LNS, HIGHLY CONFIDENTIAL

12  INFORMATION – SOURCE CODE or HIGHLY CONFIDENTIAL INFORMATION

13  — ATTORNEYS' EYES ONLY is not revealed to a person not qualified to receive

14  such information under the terms of this Protective Order.

15       16.    All CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL

16  INFORMATION – LNS, HIGHLY CONFIDENTIAL INFORMATION – SOURCE

17  CODE or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES

18  ONLY shall be used solely in preparation for trial and/or any appeal(s) in this Action,

19  and for no other action, dispute or claim.  Except as otherwise provided in this

20  Protective Order, these materials shall not be used or disclosed at any other time or for

21  any other purpose whatsoever.

22       17.    Information acquired from the opposing side that is designated as

23  CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION –

24  LNS, HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE or HIGHLY

25  CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY may be used by

26  the recipient only for this Action and not for any business purpose, or for publicity, or

27  for any purpose other than pursuit of its claims in this Court.  Such material may not be

28

**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

Case No.  CV 08-08649 CJC (RNBx)

LA 128707115v3

1  used or published in press releases, interviews, advertising, or communications with

2  customers of the Producing or Receiving Parties.

3      18.    Except as provided in Paragraph 19, it shall be the duty and responsibility

4  of counsel of record to ensure that documents and things containing CONFIDENTIAL

5  INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – LNS, HIGHLY

6  CONFIDENTIAL INFORMATION – SOURCE CODE or HIGHLY

7  CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY subject to

8  counsel's control shall at all times be kept in a safe and secure fashion to ensure that

9  such information is not disclosed to or made accessible to persons other than those

10  specifically authorized to review such information under this Protective Order and all

11  copies of such information shall not be kept on any of the premises of the Receiving

12  Party.  Counsel of record shall be directly responsible to the Court for fulfilling these

13  responsibilities.

14      19.    The inadvertent or unintended disclosure by a party of privileged,

15  CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION –

16  LNS, HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE or HIGHLY

17  CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, including but not

18  limited to an inadvertent failure to designate as confidential or privileged such

19  Discovery Material within the time periods prescribed by this Protective Order, shall

20  not be deemed a waiver in whole or in part of a subsequent claim of privilege or

21  protection under this Protective Order, either as to the specific information disclosed or

22  as to any other information, provided that the inadvertent or unintended disclosure is

23  promptly identified after discovery by the Producing Party and notice of the claim of

24  privilege or protection is given to the other parties.  A party receiving notice of a

25  changed designation or claim of privilege shall take reasonable steps to comply with

26  such designation, including the retrieval of documents that have been distributed in a

27  manner inconsistent with the new designation.

28

**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

Case No.  CV 08-08649 CJC (RNBx)

LA 128707115v3

20.     A party shall not be obligated to challenge the propriety of any designation of CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – LNS, HIGHLY CONFIDENTIAL – SOURCE CODE or HIGHLY CONFIDENTIAL INFORMATION ATTORNEYS' – EYES ONLY at the time of designation, and a failure to do so shall not preclude a subsequent challenge to the designation.  If a party objects to any designation of such information the parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved informally, the objecting party may seek appropriate relief from the Court by filing a Joint Stipulation pursuant to Local Rules 37-1 and 37-2 and by following the Court's orders concerning the attorneys' meet and confer procedures in this Action. The burden of showing entitlement to a designation shall be on the Producing Party. Pending resolution of an objection, the designated material shall be treated as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – LNS, HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY in accordance with the designation.

21.     Within forty-five (45) days after the termination of this Action including all appeals thereof, the originals and all copies of any CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – LNS, HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY received by any party or its attorney or third-party as a result of this Action shall be destroyed or given to the party that produced such information or to its attorney.  A copy of all court filings, discovery responses, and court and deposition transcripts (including exhibits) may be retained in the files of outside counsel for the parties. Similarly, correspondence, electronic drafts, written discovery responses, expert reports and attorney notes containing any such information may be retained by outside counsel. Any information retained shall be maintained pursuant to this Protective Order, and by

16

**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER**
Case No.  CV 08-08649 CJC (RNBx)

1  retaining the information, outside counsel agrees to the continuing jurisdiction of the

2  Court for purposes of enforcing this Protective Order.

3      22.    Parties shall provide a certification in writing to all other parties in this

4  Action that they have complied with the requirements of paragraph 21 within sixty (60)

5  days of the termination of this Action.

6      23.    Unless otherwise directed by the Court, counsel of record for each party

7  shall maintain the original signed Undertakings provided to such counsel under

8  paragraph 11(b) until after entry of final judgment or dismissal in this Action.  Unless

9  otherwise directed by the Court, counsel of record responsible for retention of outside

10  experts, advisors or consultants and their support staff under paragraph 11(d) shall

11  maintain the original signed Undertakings for such individuals retained by that counsel

12  until entry of final judgment or dismissal in this Action.  Counsel of record for each

13  party shall also make every reasonable effort to ensure that all persons or entities that

14  have been provided CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL

15  INFORMATION – LNS, HIGHLY CONFIDENTIAL INFORMATION – SOURCE

16  CODE or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES

17  ONLY provided under the provisions of this Protective Order comply with the

18  obligations of paragraph 18.  This includes, among other things, an obligation by

19  counsel of record for each party to make every reasonable effort to ensure that

20  consultants or experts retained by that party comply with paragraph 18.

21      24.    Should any party, or person qualified to obtain CONFIDENTIAL

22  INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – LNS, HIGHLY

23  CONFIDENTIAL INFORMATION – SOURCE CODE or HIGHLY

24  CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY hereunder, or

25  their agents or representatives, receive any request for such information produced in

26  this Action, whether through formal compulsory process or lawful authority of the

27  court or otherwise, prior to responding thereto, such person or counsel shall promptly

28  serve written notice of receipt of same on counsel for all parties hereto in order to

**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

Case No.  CV 08-08649 CJC (RNBx)

LA 128707115v3

allow said party or parties to move an appropriate court or tribunal for a ruling respecting the necessity of compliance therewith.  Nothing in this Protective Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

25.    If any designated material is disclosed to any person other than as authorized by this Protective Order, the party learning of the disclosure will immediately bring all pertinent facts relating to such disclosure to the attention of the designating party.  The party learning of the disclosure will make every reasonable effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part, and will also make every reasonable effort to prevent further use and disclosure on the part of the unauthorized recipient of such information or material.

26.    If the discovery process calls for the production of information that a party does not wish to produce because the party believes its disclosure would breach an express or implied agreement with a third party to maintain such information in confidence, the party requested to produce the information shall promptly give written notice to the third party that its information is subject to discovery in this litigation, and shall provide the third party with a copy of this Protective Order.  Unless otherwise provided in an express written agreement between the party requested to provide the information and the third party, and when the above-referenced written notice is given to the third party, the party requested to produce the information will advise the potential Receiving Party that such notice has been given.  The third party shall have twenty-one (21) days from receipt of such written notice in which to seek relief from the Court, if the third party so desires.  If the twenty-one (21) days elapse without the third party seeking relief from the Court, the requested information shall be produced in accordance with the terms of this Protective Order.  Notwithstanding the foregoing, if there is an express written agreement between the party requested to produce the information and the third party, the provisions of that written agreement shall control

**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER**
Case No.  CV 08-08649 CJC (RNBx)

LA 128707115v3

with respect to the production of materials governed by that written agreement, unless otherwise ordered by the Court.

27.     Upon final termination of this Action, whether by settlement, dismissal or other disposition, the provisions of this Protective Order shall continue to be binding upon all persons or entities who are subject to the terms hereof, and the Court shall retain jurisdiction for enforcement of this Protective Order.

28.     The Parties agree to be bound by the terms of this Protective Order prior to its entry by the Court such that they may begin marking and producing documents pursuant to the terms herein immediately.

29.     Nothing in this Protective Order prevents a party from disclosing its own documents and information as it sees fit.  Parties may also agree among themselves in a signed writing to permit access to their own documents and information notwithstanding this Protective Order.  Such agreements may be submitted to the Court for entry as an order.

30.     Third parties who are requested to produce documents or things or provide testimony in this Action may avail themselves of the provisions of this Protective Order and designate documents, things or testimony containing confidential information in accordance with the provisions of this Protective Order.

31.     Any party may apply to the Court for additional protection or disclosure beyond the terms of this Protective Order as that party may consider appropriate, including such information that it may have relating to third parties to this Action.  Similarly, any party may apply to the Court for relief from the provisions of this Protective Order at any time.

32.     Nothing in this Protective Order shall be deemed to be, or construed as, an admission that any confidential information or Discovery Material is relevant or otherwise admissible in evidence, and the parties expressly reserve all objections as to the admissibility, authenticity and/or relevance of any confidential information or Discovery Material at trial.

**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER**
Case No.  CV 08-08649 CJC (RNBx)

LA 128707115v3

33.     The restrictions and obligations set forth herein relating to confidential information shall not apply to any information which (i) is already public knowledge, (ii) becomes public knowledge other than as a result of disclosure by a Receiving Party or (iii) has come or shall come into the Receiving Party's legitimate possession independently of the Producing Party.  The party seeking to use information designated as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – LNS, HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY shall have the burden of proving that it is entitled to the use of such information.

34.     This Protective Order does not govern the use of any material at trial or in other public proceedings before the Court.  Prior to any trial, the parties shall meet and confer in good faith to determine a method for introducing at trial documents and materials which have been designated as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – LNS, HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY.  The parties shall also agree to remove any and all legends designating any documents and materials as CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – LNS, HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY that may be introduced into evidence at trial prior to the members of the jury viewing such documents and materials.  The parties shall submit their proposed method to the Court for approval.

IT IS SO ORDERED.

DATED:  <u>March 17, 2010</u>                    _____

HON. ROBERT N. BLOCK
United States Magistrate Judge

20

1

DATED:  March 16, 2010                    LEADER GORHAM LLP

2

3                                                        _____/s/_____
                                                                   Gary J. Gorham
4                                                        *Attorneys for Defendant and Counter-*
                                                         *Claimant Seacoast Laboratory Data*
5                                                        *Systems, Inc. and Defendant JOHN*
                                                         *HERRING*

6

7

8

DATED:  March 16, 2010                    GREENBERG TRAURIG, LLP

9

10                                                      _____/s/ Valerie W. Ho_____
                                                                   Ian C. Ballon
11                                                                 Valerie W. Ho
                                                         *Attorneys for Plaintiff and Counter-*
12                                                       *Defendant United Westlabs, Inc., and*
                                                         *Counter-Defendants Harry Kanter,*
13                                                       *Robert Negosian, Robert Larson,*
                                                         *NCX Group, Steve Drohan,*
14                                                       *Scott Margolis, Margolis Consulting*
                                                         *Group, LLC, Michael Fitzpatrick,*
15                                                       *Bill Stevenson, Alan McLellan,*
                                                         *Brendan Cosgrove and David Socash*
16

17

18

19

20

21

22

23

24

25

26

27

28

21
**CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER**
Case No.  CV 08-08649 CJC (RNBx)

EXHIBIT A

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA -SOUTHERN DIVISION

| | |
|---|---|
| UNITED WESTLABS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SEACOAST LABORATORY DATA SYSTEMS, INC. and JOHN HERRING, <br><br> Defendant. <br><br> AND RELATED COUNTER-CLAIM. | Case No. CV 08-08649 CJC (RNBx) <br><br> **UNDERTAKING** |

## UNDERTAKING

1.  My full name is:_____

2.  My address is: _____

3.  My present employer is: _____

4.  My job description is: _____

5.  My prior regular employment or past or present regular employments with any party to the above-referenced action are: _____

_____

6.  I request access to the following types of information designated under the

Protective Order in this case (check all that apply):

_____CONFIDENTIAL INFORMATION

_____HIGHLY CONFIDENTIAL INFORMATION — LNS

_____HIGHLY CONFIDENTIAL INFORMATION — SOURCE CODE

1

_____HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY

7.    I have received a copy of the Protective Order entered in the above-referenced action. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order and agree to be bound by the Order's terms.

8.    I will not disclose any CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – LNS, HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY to anyone not authorized to gain access to that information under the Protective Order. I will use any such information only with respect to this Action including any appeals or retrials.

9.    I will return all CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION – LNS, HIGHLY CONFIDENTIAL INFORMATION – SOURCE CODE or HIGHLY CONFIDENTIAL INFORMATION — ATTORNEYS' EYES ONLY that comes into my possession and all documents or things which I have prepared relating to such information, to an attorney representing the party that has employed or retained me.

10.    I submit to the jurisdiction of this Court for the purpose of enforcing the terms of this Protective Order.

_____          _____
Dated                            Signature

                                 Print name and address
                                 _____
                                 _____
                                 _____

                                 Employer or business affiliation
                                 _____

2

CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER
Case No.  CV 08-08649 CJC (RNBx)

LA 128707115v3